IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09cr145 |
| | § | |
| PRESTON PETITT | § | |

## PLEA AGREEMENT

The following plea agreement is entered into by and between the Criminal Section of the Civil Rights Division of the United States Department of Justice, the United States Attorney for the Northern District of Texas, Preston Petitt and his attorney of record, Walt Herring. Any reference to the United States or to the government in this Agreement shall mean the Criminal Section of the Civil Rights Division of the United States Department of Justice and the office of the United States Attorney for the Northern District of Texas.

The government, Preston Petitt and counsel agree that the United States Sentencing Commission Guidelines which took effect on November 1, 1987, as amended and interpreted by United States v. Booker, 125 S. Ct. 738 (2005), will apply to the offenses to which the defendant is pleading guilty.

Preston Petitt ("Petitt"), his undersigned counsel and the United States of America, agree as follows:

1. **Rights of the Defendant**: Petitt understands that he has the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Petitt waives these rights and pleads guilty to the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. §§ 371 and 2421, that is, Conspiracy to Transport Individuals for Prostitution. Petitt understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence. Petitt further agrees that any legal and factual issues relating to the application of the Federal Sentencing Guidelines to his conduct, including facts that support any specific offense characteristic or other enhancement or adjustment and the appropriate sentence within the statutory maximums provided for by law, will be determined by the Court after briefing, or a pre-sentence hearing, or at a sentencing hearing.

In the event that the Petitt subsequently successfully vacates or sets aside any plea, conviction, or sentence imposed pursuant to this plea agreement, Petitt further agrees to waive any defense to the filing of additional charges which could have been brought

against him at the time of this plea based upon laches, the assertion of any speedy trial rights, any applicable statute of limitations, or any other grounds.

    3.    **Sentence**: The maximum penalties the Court can impose include:

        a.    imprisonment for a period not to exceed five years;

        b.    a fine not to exceed $250,000;

        c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If Petitt violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

        d.    a mandatory special assessment of $100;

        e.    restitution to victims or to the community, which is mandatory under the law, and which Petitt agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

        f.    costs of incarceration and supervision.

    4.    **Financial Status**:    Pursuant to 18 U.S.C. § 3664 (d)(3), Petitt also agrees to complete the required financial affidavit, fully describing his financial resources within 10 days of the guilty plea. Petitt will submit the original affidavit, on forms prescribed by the probation office, to the U.S. Probation Office with a copy to the United States Attorney's office.

    5.    **Mandatory special assessment**:    Prior to sentencing, Petitt agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

    6.    **No Further Prosecution:** The government agrees that it will not bring any

other criminal charges against the defendant directly arising out of the defendant's involvement in the offense described above. This agreement is limited to the Civil Rights Division of the United States Department of Justice and the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Petitt or any property.

7. **Acceptance of Responsibility:** Counsel for Petitt has affirmatively indicated to the government that Petitt not only wishes to enter a plea of guilty, but will clearly demonstrate a recognition and affirmative acceptance of responsibility as required by the sentencing guidelines. Additionally, Petitt has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate its resources efficiently. Accordingly, the government agrees that based on Petitt's continued demonstration of his acceptance of responsibility, the government will move at sentencing for Petitt to receive a reduction in his offense level for acceptance of responsibility. The failure of the Court to find that Petitt is entitled to this reduction shall not be a basis to void this plea agreement.

8. **Specific Sentencing Guidelines Recommendations:** With respect to the application of the United States Sentencing Commission Sentencing Guidelines to Petitt's

**Plea Agreement - Page 4**

conduct, the parties agree to recommend as follows:

A. Manual to be Used: The parties recommend that the 2008 version of the Guidelines Manual applies.

B. Offense Conduct:

(1) Base Offense Level: The parties recommend that the base offense level be determined by applying Guideline Section 2G1.1.

(2) Chapter 3 Adjustments: The parties recommend that one offense level should be deducted pursuant to Section 3E1.1(a) because Petitt has clearly demonstrated acceptance of responsibility.

The parties agree that if Petitt does not abide by all of the agreements made within this document, Petitt's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. The parties further agree that Petitt's eligibility for a reduction pursuant to Section 3E1.1 is based upon the information known at the present time and that any actions of Petitt which occur or which become known to the government subsequent to this agreement and are inconsistent with Petitt's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

C. Other Adjustments: The determination of whether other adjustments apply shall be left to the Court after it reviews the Pre-Sentence Report.

D. Criminal History: The determination of the Petitt's Criminal History Category shall be left to the Court after it reviews the Pre-Sentence Report. The Criminal History Category determination will be made only after the United States Probation Office obtains and evaluates the records it can find of the Petitt's criminal history. Prior convictions can affect the sentence and usually result in a harsher sentence. Both parties retain their right to challenge, before sentencing, the finding of the Pre-Sentence Report as to Petitt's criminal history and the applicable category. Petitt's criminal history is known to himself.

9. **Acknowledgment of Effect of Recommendations:** The parties recognize that they may not have addressed or foreseen all the Guidelines provisions applicable in this case. Guidelines applications not expressly addressed by the parties' recommendations, but which are addressed by the Pre-Sentence Report or the Court, may be presented to the Court for consideration. The parties agree and understand that the Court, in its discretion, may apply any Guidelines not addressed in this document.

10. **Court's Sentencing Discretion and Role of the Guidelines:** Petitt understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Petitt has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Petitt will not be allowed to withdraw his plea if his sentence is higher than expected. Petitt fully understands that the actual sentence imposed (so long as

it is within the statutory maximum) is solely in the discretion of the Court.

Furthermore, Petitt understands that this Court is not bound by the recommendations stated within this Agreement. The refusal of this Court to follow the recommendations of the parties shall not serve as a basis to withdraw the plea. Petitt further understands that the United States will provide the Court and the United States Probation Office all information in its possession which it deems relevant to the application of the United States Sentencing Commission Sentencing Guidelines to the Petitt's conduct.

11. **Full Cooperation:** Petitt agrees to cooperate fully with the government and understands and agrees that complete, candid and truthful cooperation is a material condition of this agreement. Cooperation will include complying with all reasonable instructions from the United States, submitting to interviews by federal or state investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testify fully and truthfully before any grand juries, hearings, trials or any other proceedings where Petitt's testimony is deemed by the United States to be relevant. Upon demand, Petitt shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy fines or restitution. The government will advise the Court of the extent of Petitt's cooperation.

12. **Plea Agreement Supplement:** The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any

additional terms.

13. **Violation of Agreement:** Petitt understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Petitt and others, for all offenses of which it has knowledge. In such event, Petitt waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Petitt also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

14. **Voluntary Plea:** Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, Petitt certifies that his plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

15. **Further Prosecution for Perjury, False Statement, Etc.:** Nothing in this agreement shall protect Petitt in any way from prosecution for any offense committed after the date of this agreement, including perjury, false declaration, or false statement, in violation of 18 U.S.C. §§ 1621, 1623, or 1001, or obstruction of justice, in violation of 18 U.S.C. §§ 1503, 1505, or 1510, should Petitt commit any of those offenses during the cooperation phase of this agreement. Should Petitt be charged with any offense alleged to have occurred after the date of this agreement, the information and documents disclosed to the United States during the course of the cooperation could be used against Petitt in any such prosecution.

16. **No Civil Claims or Suits:** Petitt agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to Petitt, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorneys' fees and other litigation expenses arising out of the investigation and prosecution of this matter. By Petitt's guilty plea in this matter, he further acknowledges that the government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

17. **Waiver of Right to Appeal or Otherwise Challenge Sentence**: Petitt is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. Acknowledging all of this, Petitt knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in 18 U.S.C. § 3742 and 28 U.S.C. § 1291 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined in light of <u>United States v. Booker,</u> 125 S. Ct. 738 (2005). Petitt also waives his right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under 28 U.S.C. §§ 2241 and 2255. Petitt further acknowledges that this appeal waiver is binding only upon himself, and that the United States retains its right to appeal in this case. Petitt reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b)

to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

18. **Representation of Counsel**: Petitt has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Petitt has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this Agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Petitt has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

19. **Plea Agreement Serves Ends of Justice:** The United States is entering into this Plea Agreement with Petitt because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as Petitt's role in such offenses, thereby serving the ends of justice.

20. **Entirety of Agreement:** This document and the Plea Agreement Supplement filed in conjunction with this document state the complete and only Plea Agreement between the government, Petitt and his undersigned counsel, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to Petitt in connection with this case, nor have any predictions or threats been made in

**Plea Agreement - Page 10**

connection with this plea.

21.     **Required Signatures**: None of the terms of this agreement shall be binding on the government until signed by the Defendant and until signed by the Criminal Section of the Civil Rights Division of the United States Department of Justice or Office of the United States Attorney for the Northern District of Texas.

Agreed to and signed this 1st day of December, 2009.

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
SARAH SALDAÑA
Deputy Criminal Chief

_____
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No.24032572
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.767.4100

_____
MYESHA K. BRADEN
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Patrick Henry Bld., 5th Floor
Washington, DC 20530
Tel: 202.305.1483
Fax: 202.514.8336

_____
PRESTON PETITT
Defendant

_____
WALT HERRING
Attorney for Defendant

Plea Agreement - Page 12

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____   11-24-09
PRESTON PETITT                    Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____   11-25-09
WALT HERRING                      Date
Attorney for Defendant